UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| B-50.COM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 04-CV-0542-B |
| | § | ECF |
| XFORMITY, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING THE SPECIAL MASTER'S FINAL REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT

The Special Master's Final Report and Recommendation on Summary Judgment ("final report") in this patent case is before the Court for *de novo* review. As recounted in previous orders of this Court, on September 8, 2005, the Court appointed attorney Jerry R. Selinger as Special Master in this case for the purpose of assisting the Court in its claim construction analysis. On November 17, 2005, Mr. Selinger filed his report and recommendation on certain disputed claim terms which the Court adopted in its entirety on February 23, 2006. Thereafter, on April 5, 2006, the Court re-appointed Mr. Selinger - this time to act as Special Master on the parties' cross-motions for summary judgment. He filed his final report on the cross-motions on August 3, 2006. Defendant XFormity, Inc. ("Xformity") followed with objections to the report on August 17, 2006. Plaintiff B-50.com ("B-50") responded to Xformity's objections on September 1, 2006. The Special Master's final report on the cross-motions for summary judgment and the objections and responses thereto are now ripe for the Court's consideration.

Under Rule 53(g), this Court conducts a *de novo* review of those portions of the Special

Master's final report to which objections have been filed and "may adopt or affirm; modify; wholly or partly reject or reverse ..." the report. FED. R. CIV. P. 53(g). Here, the Court has elected to conduct a *de novo* review of the Special Master's final report in its entirety. Having done so, the Court **ADOPTS** the Special Master's final report in its entirety and **OVERRULES** XFormity,'s objections as follows:

The Court GRANTS Xformity's motion insofar as it seeks summary judgment of non-infringement based on direct infringement under 35 U.S.C. § 271(a), based on active inducement infringement under 35 U.S.C. § 271(b), and based on the absence of infringement under the doctrine of equivalents, except with respect to "a central computing device." The Court otherwise DENIES Xformity's motion.

B-50's motion for summary judgment is DENIED, but pursuant to Rule 56(d), the Court determines that the QSRx product meets all limitations of independent claim 1, except that the following genuine issues of material fact remain for trial:

1. Whether the QSRx product has "a central computing device";
2. Whether a restaurant-industry user logs into a web site for the purpose of performing (at some point in time), and does perform, the sequence of three selection operations that constitute defining a custom report format, starting from a report initiating page and concluding with a report request selection, as required in step "(b)";
3. Whether QSRx performs the "enabling" step required in step "(d)"; and
4. Whether the QSRx product is a staple article of commerce suitable for substantial non-infringing use.

**SO ORDERED.**

SIGNED October 13th, 2006

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE